**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| NTECH CONSULTING LLC and NIKHIL NAVKAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, N.A.,<br><br>Defendant. | Case No. 3:26cv308<br><br>JURY TRIAL DEMANDED |

## <u>CLASS ACTION COMPLAINT</u>

1. Plaintiffs NTech Consulting LLC and Nikhil Navkal (collectively, "Plaintiffs"), by and through their counsel, on behalf of themselves and all others similarly situated, allege based upon personal knowledge as to Plaintiffs' own acts and observations, and upon information and belief as to all other matters based upon the investigation conducted by and through Plaintiffs' attorneys, against defendant Capital One, N.A. ("Defendant" or "Capital One"), as follows:

## NATURE OF THE ACTION

2. Capital One issues credit cards promising rewards benefits for making purchases with Capital One rewards credit cards. Those credit card rewards are contractually promised to cardholders in Capital One's form agreements and advertisements. The promised credit card rewards take the form of cash-back or points, all of which have a financial value. At the end of 2024, Capital One valued the rewards earned by its cardholders at $9 billion.

3. This action arises from injuries caused to Capital One cardmembers who were denied their earned credit card rewards by Capital One. Plaintiffs and Class Members earned credit card rewards using their Capiral One reward cards but were denied their earned credit card rewards

when Capital One cancelled their credit cards pursuant to an undisclosed rewards cancellation policy. Plaintiffs and all Class Members were injured by Capital One's rewards cancellation policy.

4. Pursuant to its rewards cancellation policy, Capital One frequently cancels credit card accounts and rewards earned on those accounts when the cardholder is not at fault, such as when the credit card has been subject to fraud or unauthorized use. Even though Plaintiffs and other Class Member cardholders complied with the terms of their agreements and earned their rewards benefits, Capital One denied them the full benefit of those earned rewards.

5. Capital One's policy and its actions in canceling and denying Plaintiffs and other Class Member cardholders their earned credit card rewards is a breach of contract (including a breach of the duties of good faith and fair dealing), a deceptive and unfair practice and results in unjust enrichment to Capital One. Those violations occur when Capital One cancels a rewards credit card for reasons other than the cardholders' default, including: 1) by cancelling earned rewards posted to reward credit cards on or after the dates of cancellation; 2) by not providing cardholders with a reasonable opportunity (or in many cases any opportunity) to redeem earned rewards after account closure; and/or 3) by deeming earned rewards forfeited when Capital One closes the rewards credit card account, through no fault of the cardholder.

6. Capital One falsely advertises its rewards credit cards by asserting that earned rewards will be redeemable.

7. In addition, for Plaintiffs and many Class Members, Capital One canceled their credit card accounts without providing a permitted, specific reason why the account was closed. That practice violates the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*., and Regulation B, 12 C.F.R. §1002.1, *et seq*.

## JURISDICTION AND VENUE

8. This Court possesses subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1691e.

9. This Court further possesses subject matter jurisdiction under 28 U.S.C. §1332(d) and the Class Action Fairness Act ("CAFA") because this is a class action in which the subject matter in controversy exceeds the sum or value of $5,000,000, there are in excess of 100 class members and members of the Class are citizens of a state different from that of Defendant.

10. The Court has supplemental jurisdiction over Plaintiffs', and the Class's and Subclasses' state and common law claims pursuant to 28 U.S.C. §1367.

11. This Court has personal jurisdiction over Defendant. Defendant maintains its principal place of business and headquarters in this District, has its registered agent in Richmond, Virginia, conducts significant business in this District and this division, maintains continuous and systemic contacts with Virginia and this District and division, does business in Virginia and this District specifically related to the claims alleged in this Complaint, and has sufficient minimum contacts with Virginia so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

12. Venue is proper in this District under 28 U.S.C. §1391.

## THE PARTIES

13. Plaintiff Nikhil Navkal is a resident and citizen of New York and the sole member of Plaintiff NTech Consulting LLC. Until canceled by Capital One, Plaintiffs Navkal and NTech Consulting LLC were issued a Spark Cash Plus rewards credit card by Defendant, account number ending 7597. He was personally responsible and obligated to pay all charges on that Spark Cash Plus rewards card. All account statements for that Spark Cash Plus rewards card were sent by

Capital One to Plaintiff Navkal. The credit card agreement governing Plaintiffs' rewards card, and Capital One's advertisements, promised that Plaintiffs would earn cash rewards and other benefits. However, when Capital One cancelled Plaintiffs' Spark Cash Plus rewards credit card account it cancelled and did not pay Plaintiffs all the cash rewards earned as a result of purchases made with that card. As a result, Plaintiff Navkal was injured and damaged in a manner common and typical of other Class Members.

14. Plaintiff Ntech Consulting LLC ("NTech") is a Wyoming-chartered limited liability company with its principal place of business located in Wyoming. Plaintiff NTech's sole member is Plaintiff Navkal. Until canceled by Capital One, Plaintiffs were issued a Spark Cash Plus rewards credit card by Defendant, account number ending 7597. The credit card agreement governing Plaintiffs' Spark Cash Plus rewards card, and Capital One's advertisements, promised that Plaintiffs would earn cash rewards and other benefits. However, when Capital One cancelled Plaintiffs' Spark Cash Plus rewards credit card account it cancelled and did not pay Plaintiffs all the cash rewards earned as a result of purchases made with that card. As a result, Plaintiff NTech was injured and damaged in a manner common and typical of other Class Members.

15. Defendant Capital One is a nationally chartered bank with its principal place of business in Virginia. Capital One advertises and issues credit cards nationwide. Included among Capital One's rewards credit cards are those branded as Spark 2% Cash, Spark 2% Cash Plus, Spark 1.5% Cash Select, Spark 1% Classic, Spark 2x Miles, Spark 1.5X Miles Select, Quicksilver Rewards, QuicksilverOne Rewards, Quicksilver Secured Rewards, Savor Rewards, SavorOne Rewards, Venture X, Venture X Business, Venture Rewards, VentureOne Rewards and store-branded cards including T-Mobile Visa, Kohl's Rewards Visa, REI Co-op Mastercard, Pottery Barn Key Rewards Visa, Williams Sonoma Key Rewards Visa, West Elm Key Rewards Visa, Key

Rewards Visa, Cabela's CLUB Card, Bass Pro Shops CLUB card, Bass Pro Chops and Cabela's CLUB Business Card, BJ's One Mastercard and BJ's One+ Mastercard. Capital One is a wholly owned subsidiary of Capital One Financial Corporation (NYSE: COF).

## STATEMENT OF FACTS

### A. Cancelling Earned Credit Card Rewards Is Unlawful, Unfair and Deceptive

16. The failure to pay earned credit card rewards is a nationwide problem that has been identified as unlawful, unfair, and deceptive by federal regulators.

17. The Consumer Financial Protection Bureau ("CFPB") issued a Consumer Financial Protection Circular 2024-07 (12/12/24) entitled *Design, marketing, and administration of credit card rewards programs.* That CFPB Circular discusses card issuers' practice of canceling and preventing redemption of earned credit card rewards.

18. As stated in that CFPB Circular, "Rewards programs are increasingly used to encourage consumers to apply for and use specific credit cards. As of 2019, more than 90% of general-purpose credit card spending occurred on rewards cards, and by the end of 2022, 75% of general-purpose credit cards were rewards cards." (footnotes omitted).

19. The CFPB Circular continues, "The amount of money or value that consumers earn and maintain in credit card rewards programs is also large and has increased substantially in recent years. For example, in 2022, consumers earned more than $40 billion in rewards from major general- purpose credit cards, more than a 50% increase from 2019. Consumer rewards balances at the end of 2022 were more than $33 billion, up 40% relative to the fourth quarter of 2019. More consumers are also using rewards to make payments, including for day-to-day purchases and necessary expenses. Credit card rewards programs are typically structured around earning rewards 'currencies' – most commonly 'miles' or other units of value issued by a co-brand partner (such as an airline or hospitality chain) or, alternatively, a credit card issuer's own 'points.' Consumers

typically earn miles or points through credit card spending or by directly purchasing them in accordance with pre-determined formulas, or 'earn rates.' Many issuers also offer promotional rewards through things like sign-up bonuses and referrals." (footnotes omitted).

20. Among the unfair and deceptive practices identified by the CFPB Circular are: (1) Devaluing credit card rewards earned or purchased; (2) Revoking, canceling or preventing the use of rewards based on hidden, vague or buried conditions, including conditions not within the cardmembers' control; and (3) failing to operate a procedure for cardmembers to redeem earned rewards. Capital One's policies and practices of cancelling rewards when cancelling rewards credit card accounts comprise the unfair and deceptive practice identified by CFPB Consumer Financial Protection Circular 2024-07.

21. According to the CFPB Director, "Large credit card issuers too often play a shell game to lure people into high-cost cards, boosting their own profits while denying consumers the rewards they've earned."[1]

22. A May 2024 CFPB Issue Spotlight report entitled *Credit Card Rewards* identified other unlawful credit card rewards practices, including an issuer's "Revocation" of earned rewards. According to that CFPB report, "Issuers forfeit, expire, revoke, or otherwise take away hundreds of millions of dollars in earned rewards value each year. This means banks benefit from marketing high promotional bonuses and earning rates but do not end up paying out the full cost of those offers." (footnote omitted). "In the most extreme example, an issuer unilaterally closes a credit card account, and the consumer forfeits previously earned rewards." That is precisely the policy and practice employed by Capital One and challenged in this action.

---

[1] Press Release, Consumer Financial Protection Bureau, CFPB Takes Action on Bait-and-Switch Credit Card Rewards Tactics (Dec. 18, 2024) (on file with author).

**B. Capital One's Rewards Credit Cards**

23. Capital One is one of the largest issuers of credit cards nationwide to individuals and businesses. Many are branded as Capital One credit cards, while others are co-branded with various retailers but issued by Capital One. Most of those credit cards promise "rewards" taking the form of cash-back, points or miles based on cardholders' purchases using the Capital One credit cards.

24. According to Capital One:

> **What is a cash back credit card and how does it work?**
>
> A cash back credit card lets you earn back in dollars a percentage of what you spend on it. You can redeem those dollars for things like a statement credit or gift card. For example, if you earn 2% back on certain purchases, that's $2 for every $100 you spend. The amount you could earn varies by card and how much you're spending.
>
> **What is a points credit card and how does it work?**
> Points credit cards also offer rewards based on how much you spend. But instead of earning cash back, the currency is points. The value of the points and how you earn and redeem them depends on the card's terms and conditions.[2]

25. Other Capital One credit cards offer miles rewards:

> **How to earn credit card rewards**
>
> Some rewards cards let you earn rewards for every credit card swipe, tap, dip or online purchase. With a Capital One rewards card, you can earn back a percentage of every dollar you spend in the form of cash back or miles. How much you earn depends on the type of card you have and how you use it.[3]

---

[2] *Cash back vs. point rewards*, CAPITAL ONE (Feb. 26, 2026), https://www.capitalone.com/learn-grow/money-management/cash-back-vs-point-rewards/.

[3] *How to redeem credit card reward points*, CAPITAL ONE (Mar. 24, 2026), *https*://www.capitalone.com/learn-grow/money-management/how-do-you-redeem-credit-card-rewards-and-points/.

26. As reported in the Form 10-K filed by Defendant's parent, Capital One Financial Corporation, with the Securities and Exchange Commission for the year ended December 31, 2024:

> **Customer Rewards Reserve**
>
> We offer products, primarily credit cards, which include programs that allow members to earn rewards based on account activity that can be redeemed for cash (primarily in the form of statement credits), gift cards, travel, or covering eligible charges. The amount of rewards that a customer earns varies based on the terms and conditions of the rewards program and product. The majority of our rewards do not expire and there is no limit on the amount of rewards an eligible card member can earn. Customer rewards costs, which we generally record as an offset to interchange income, are driven by various factors such as card member purchase volume, the terms and conditions of the rewards program and rewards redemption cost. We establish a customer rewards reserve that reflects management's judgment regarding rewards earned that are expected to be redeemed and the estimated redemption cost.
>
> We use financial models to estimate ultimate redemption rates of rewards earned by current card members based on historical redemption trends, current enrollee redemption behavior, card product type, year of program enrollment, enrollment tenure and card spend levels. Our current assumption is that the substantial majority of all rewards earned will eventually be redeemed. We use the weighted-average redemption cost during the previous twelve months, adjusted as appropriate for recent changes in redemption costs, including changes related to the mix of rewards redeemed, to estimate future redemption costs. We continually evaluate our reserve and assumptions based on developments in redemption patterns, changes to the terms and conditions of the rewards program and other factors. While the rewards liability is sensitive to changes in assumptions for redemption rates and costs and involves management judgment, we believe portfolio characteristics and historical performance are the best indication of future reward redemption behavior and are the primary basis for our estimate. We recognized customer rewards expense of \$9.0 billion, \$8.2 billion, and \$7.6 billion in 2024, 2023 and 2022, respectively. Our customer rewards reserve, which is included in other liabilities on our consolidated balance sheets, totaled \$8.2 billion and \$7.4 billion as of December 31, 2024, and 2023, respectively.[4]

[4] Capital One Financial Corporation, Annual Report (Form 10-K) at 81-82 (Dec. 31, 2024).

### C. Capital One's Agreements with Plaintiffs and Class Members

27. Most Capital One credit cards promise cardholders rewards based on purchases using their Capital One credit cards.

28. Capital One's website contains the terms for its credit cards. At least 31 cards promise rewards, in the form of cash-back, points or miles, earned by making purchases using the Capital One rewards card ("Purchase Rewards").[5] Among those rewards cards is the Capital One Venture Rewards card:




Venture Rewards

Excellent Credit 10,856 reviews

| | |
|---|---|
| **Annual fee** | $95 |
| **Rewards** | Earn unlimited 2 miles per dollar on every purchase, plus 5 miles per dollar on hotels, vacation rentals, and rental cars booked through Capital One Travel. |
| **New card member offer** | Enjoy $250 to use on Capital One Travel in your first cardholder year, plus earn 75,000 bonus miles once you spend $4,000 on purchases within the first 3 months from account opening - that's equal to $1,000 in travel. [4] |
| **Purchase rate** | 19.49% - 28.49% variable APR |
| **Travel benefits** | Receive up to a $120 credit for Global Entry or TSA PreCheck®. [15] |

29. In addition to Purchase Rewards, at least 14 Capital One credit cards also promise rewards, in the form of cash-back, points or miles, earned by making either a certain amount of

5 *Credit Cards*, CAPITAL ONE, https://www.capitalone.com/credit-cards/ (last visited Apr. 14, 2026).

purchases or purchases during a specific time period ("Bonus Rewards").[6] Among those cards is the Spark Cash Plus card:




## Spark 2% Cash Plus

Excellent Credit

| | |
|---|---|
| **Annual fee** | $150 annual fee—spend $150,000 annually and we'll refund this fee every year[15] |
| **Rewards** | Unlimited 2% cash back on every purchase, every day |
| **New card member offer** | Earn $4,000 or more in cash bonuses: Earn a $2,000 cash bonus when you spend $30,000 in the first 3 months. Plus, earn an additional $2,000 bonus for every $500,000 spent in the first year.[16] |
| **Purchase APR** | No APR since your balance is due in full every month |

30. The agreements applicable to Capital One credit cards are form agreements drafted entirely by Capital One. In those agreements, Capital One promises to pay and allow cardholders an opportunity to redeem their credit card rewards. Many of those current agreements are available on Capital One's website.[7]

31. The agreement between Capital One and Plaintiffs and other Class Members comprise documents drafted by Capital One. According to the Capital One *Customer Agreement*:

---

6 *Id.*

7 *See, e.g.*, *U.S. Consumer Credit Card Agreements*, CAPITAL ONE, https://www.capitalone.com/credit-cards/lp/credit-card-agreements/ (last visited Apr. 14, 2026).

The following documents govern your Account with us:

1. this Agreement;
2. all Statements;
3. any rewards program terms, conditions, and disclosures;
4. your Card benefits brochure which describes benefits provided by the Payment Card Network for your Account;
5. all disclosures and material provided to you before or when you opened your Account;
6. any other documents and disclosures relating to your Account, including those provided online; and
7. any future changes we make to any of the above.

32. The Capital One *Customer Agreement*, including the *Customer Agreement* Capital One provided to Plaintiffs, defines the term "you" and "your" to include both the business and the business signer. *See* **Exhibit A**. The *Customer Agreement* goes on to provide that both "[t]he Business and the Business Signer promise, personally, individually and jointly, to pay us all amounts due on your Account." Plaintiff NTech was the Business and Plaintiff Navkal was the Business Signer. Accordingly, both Plaintiffs Navkal and NTech are parties to the Capital One *Customer Agreement* and Spark Cash Plus card account.

33. For each Capital One rewards credit card, Capital One posts the *Account Terms* and the *Terms & Conditions* on its website.[8]

34. The *Account Terms* for the Spark Cash Plus rewards card states that the authorizing signatory and the business are both required to apply for the card, that Capital One will establish a credit card account for both of them and that Capital One will "issue a credit card on the Account to the Authorizing Signatory whose signature appears on this application and to all 'Authorized

---

8 CAPITAL ONE, *supra* note 4.

Users' or 'Account Managers' for whom additional cards are requested." Both the authorizing signatory and business, here Plaintiffs Navkal and NTech, are responsible for charges made to the Spark Cash Plus card. A true and correct copy of the *Account Terms* is attached hereto as **Exhibit B.**

35. The *Terms & Conditions* applicable to Plaintiffs' Spark Cash Plus card, among other rewards cards, promises that: "Redemptions can be made for account credits toward prior purchases on this Rewards card account within 90 days from the date the purchase posts to the account." A true and correct copy of that current *Terms & Conditions* is attached hereto as **Exhibit C**.

36. These *Terms & Conditions* refer cardholders and consumers to Capital One's Reward Program FAQs at capitalone.com, which is part of Capital One's agreement with Plaintiffs and Class Members.

37. The *Capital One Credit Card Rewards Redemption FAQ* answers the following question:

> Question: Do Capital One rewards expire?
>
> Answer: Capital One rewards won't expire for the life of the account as long as the account remains in good standing. **If you close the account,** you may lose unredeemed rewards. (emphasis added).[9]

A true and correct copy of this Capital One's credit card redemption FAQ is attached hereto as **Exhibit D**.

38. Only when a Capital One cardholder closes an account may unredeemed rewards be lost. *Id*. There is no provision allowing the loss of unredeemed rewards when Capital One closes an account for a cardholder who is not in default. *Id*.

---

9 CAPITAL ONE, *supra* note 3.

### D. Plaintiffs Earned Rewards on Their Spark Cash Plus Card that were Cancelled by Capital One

39. Capital One lured Plaintiffs to apply for and obtain a Capital One Spark Cash Plus card with advertisements promising a 2% Purchase Reward on all purchases (the "Purchase Rewards"), the "Spend Bonus" reward and an Annual Fee Reimbursement Bonus reward. Those advertisements became a part of Plaintiffs' agreement with Capital One.

40. Among those advertisements viewed by Plaintiffs before applying for their Spark Cash Plus card was an advertisement prepared by Capital One and available on Capital One's website that was disseminated nationwide to the general public. It promised to pay accepted cardholders an unlimited 2% reward for all purchases and a $2,000 reward for each $500,000 spent during the first year[10]:




10 *Business Card – Spark Cash Plus*, Capital One, https://www.capitalone.com/small-business/credit-cards/spark-cash-plus/ (last visited Apr. 14, 2026) (Capital One has since modified this advertisement without changing the material offer and promises).

41. Nowhere did that Capital One advertisement disclose that Capital One would, or could, cancel and refuse to pay or allow cardholders to redeem earned rewards[11]:

1 The bonuses are available by starting the application process from this page, and may not be available if you navigate away from or close this page. The bonuses may not be available for existing or previous Capital One Business card holders. These spend bonuses may be earned independently, meaning you may earn one or both.
**Spark Cash Plus Welcome Bonus:** Earn a $2,000 cash bonus when you spend $30,000 in the first 3 months.
**Spark Cash Plus Additional Bonuses:** Earn a $2,000 cash bonus for every $500K spent during the first year. You can earn this bonus multiple times during your first year as cardholder.

2 No preset spending limit does not mean unlimited spending. The amount you can spend can change over time based on your spending behavior, payment history, credit profile and other factors.

3 Rewards and benefits may vary between Capital One Travel and Capital One Business Travel. See website for more details.

4 The actual amount of cash back you earn will depend on your purchase activity.

5 You will receive a statement credit of $150 each year when you spend at least $150,000 in net purchases by your membership anniversary date. You will see the statement credit within 2 billing cycles following your rewards membership anniversary date. Please note that statement credits lower your balance but do not count as payments. You must continue to make any required payments.

6 Your balance is due in full every month which means there is no APR. If you don't pay off the balance in full, you will be charged a late fee of 2.99% on your outstanding statement balance and your account will be considered past due until we receive your payment in full.

7 Claims of unauthorized use are subject to verification and investigation. Account holder may be responsible for transactions by other employees.

42. The same material terms and promises appear on Capital One's website:




43. Capital One also advertised that the $150 Annual Fee for the Spark Cash Plus card would be refunded "every year" the cardmember spends $150,000, a benefit Capital One termed the "Annual Bonus." Those advertisements further state: "You will receive a statement credit of $150 each year when you spend at least $150,000 in net purchases by your membership

11 CAPITAL ONE, *supra* note 4.

anniversary date. You will see the statement credit within 2 billing cycles following your rewards membership anniversary date.[12]"

44. Plaintiffs' Capital One Spark Cash Plus card was issued in September 2024.

45. Plaintiffs were charged and paid an Annual Fee of $150 for their Spark Cash Plus card.

46. Plaintiffs began making purchases using their Spark Cash Plus card in October 2024. Plaintiffs were provided monthly statements by Capital One documenting their purchases and 2% Purchase Rewards.

47. By November 2024, Plaintiffs had made sufficient purchases using their Spark Cash Plus card to earn the Annual Bonus reward, necessitating the refund by Capital One of the $150 annual fee to Plaintiffs.

48. Capital One has never paid Plaintiffs the earned $150 Annual Bonus reward and has refused to do so.

49. Plaintiff Navkal was provided email correspondence by Capital One confirming the Spend Bonus rewards earned using Plaintiffs' Spark Cash Plus card.

50. Capital One repeatedly confirmed its promise to pay Plaintiffs $2,000 for every $500,000 spent using their Capital One Spark Cash Plus card. For Plaintiffs, those Spend Bonus rewards were payable on September 19, 2025. One of the email statements sent by Capital One to Plaintiff Navkal on February 1, 2025, confirmed:

---

12 *Id.*

**Congrats, Nikhil, you've earned your $2,000 bonus**
1 message

**Capital One Business** <donotreply@cardmessage.capitalone.com> Sat, Feb 1, 2025 at 1:01 PM
To: [redacted]

Sign in

Capital One Business

Account...7597

## You earned a $2,000 bonus!

Congratulations, Nikhil, on earning your $2,000 bonus—we're setting it aside for your cardholder anniversary. That means you can expect $4,000 in rewards when you celebrate your one-year anniversary as a cardholder.[1]

You can earn an **additional $2,000 bonus** for every $500,000 spent by September 19, 2025.[2]

About this message

[1]This figure is based on your account activity as of the date of this email. Some account activity, such as purchases, returns or credits may not be reflected and may impact the information shown.

[2]You will earn an additional $2,000 bonus for every $500,000 you spend within 12 months of your enrollment. Following the first 12 months after your enrollment, if you qualify for these additional bonuses we will apply the total amount of the additional bonuses to your rewards balance within two billing cycles.

The site may be unavailable during normal maintenance or due to unforeseen circumstances.

Web access is needed to use the mobile app. Check with your service provider for details on specific fees and charges.

51. The last Spend Bonus reward email statement provided by Capital One to Plaintiff Navkal on June 1, 2025, confirmed that Plaintiffs earned Spend Bonus rewards totaling $8,000,00:

**Congrats, Nikhil, you've earned your $2,000 bonus**

**Capital One Business** <donotreply@cardmessage.capitalone.com> Sun, Jun 1, 2025 at 2:04 PM
To: [redacted]

Sign in

Capital One Business

Account...7597

You earned a $2,000 bonus!

Congratulations, Nikhil, on earning your $2,000 bonus—we're setting it aside for your cardholder anniversary. That means you can expect $8,000 in rewards when you celebrate your one-year anniversary as a cardholder.[1]

You can earn an **additional $2,000 bonus** for every $500,000 spent by September 19, 2025.[2]

**About this message**

[1]This figure is based on your account activity as of the date of this email. Some account activity, such as purchases, returns or credits may not be reflected and may impact the information shown.

[2]You will earn an additional $2,000 bonus for every $500,000 you spend within 12 months of your enrollment. Following the first 12 months after your enrollment, if you qualify for these additional bonuses we will apply the total amount of the additional bonuses to your rewards balance within two billing cycles.

The site may be unavailable during normal maintenance or due to unforeseen circumstances.

Web access is needed to use the mobile app. Check with your service provider for details on specific fees and charges.

52. Capital One has never paid Plaintiffs that earned $8,000 Spend Bonus reward and has refused to do so.

53. On July 21, 2025, Capital One unilaterally and permanently closed Plaintiffs' Capital One Spark Cash Plus rewards card account, with no prior notice to Plaintiffs. A true and

correct copy of this notice of permanent closure is attached hereto as **Exhibit E**. Plaintiffs were not then, or at any time, in default of that credit card account.

54. The sole reason provided by Capital One in that July 21, 2025 Letter for closing Plaintiffs' account was that "Capital One has observed activity on one or more of your Capital One accounts that is inconsistent with typical customer account usage." *See* **Exhibit E**.

55. Capital One breached its agreement with Plaintiffs and failed to pay them the earned $8,000 Spend Bonus reward. Capital One further breached its agreement with Plaintiffs by refusing to pay Plaintiffs their earned 2% Purchase Rewards on purchases made before Capital One closed Plaintiffs' Spark Cash Plus account, but posted to that account, from on or about July 22, 2025 to August 1, 2025.

56. From July 22, 2025 to August 1, 2025, a total of $121,869.64 of purchases were posted to Plaintiffs' Spark Cash Plus account. The owed (but not paid) 2% Purchase Reward for those purchases is $2,437.39.

57. Plaintiffs complained orally and in writing to Capital One's about its refusal to pay them their earned, but unpaid, Purchase Rewards and Spend Bonus rewards. Among those complaints was a July 28, 2025 Letter sent by Plaintiff Navkal to Capital One. Plaintiff Navkal also sent that complaint and other written complaints to federal and state agencies prior to bringing this action.

58. Despite Plaintiffs' demands to be paid their earned Purchase Rewards, Capital One has not paid Plaintiffs the earned 2% Purchase Rewards for purchases posted to their Spark Cash Plus account from on or about July 21, 2025 to August 1, 2025.

59. Capital One confirmed its refusal to pay Plaintiffs' earned Purchase Rewards by responding to Plaintiff Navkal's complaints in October 9, 2025, and October 10, 2025 Letters

stating that aside from the Purchase Rewards credited by Capital One to Plaintiffs' account for purchases posted *before* July 22, 2025, "the account ending 7597 [] now has a zero rewards balance."

60. Despite Plaintiffs' demands to be paid $8,000.00 in earned Spend Bonus rewards, Capital One has not paid those earned Spend Bonus rewards to Plaintiffs.

61. Capital One has a policy to revoke rewards when a rewards credit card is cancelled by Capital One.

62. Capital One's policy and practice to cancel and refuse to pay Plaintiffs' earned Spend Bonus rewards was confirmed in October 9, 2025 and October 10, 2025 letters sent by Capital One to Plaintiff Navkal in response to his complaints: "Additionally, we've confirmed that the additional spend bonus of $2,000.00 for every $500,000.00 spent was forfeited due to the account ending in 7597 closing before its first anniversary."

63. In addition to the $8,000.00 in earned Spend Bonus rewards earned, Plaintiffs spent 98.5% of the threshold ($492,500 of $500,000) toward earning the next $2,000.00 Spend Bonus reward when Capital One unilaterally cancelled Plaintiffs' Spark Cash Plus card. Capital One sent Plaintiff Navkal emails encouraging Plaintiffs to continue using that card to reach the next Spend Bonus reward – a reward that Capital One ultimately prevented Plaintiffs from achieving due to the unilateral cancellation of Plaintiffs' card. A June 16, 2025 Email from Capital One encouraged Plaintiff Navkal to make additional purchases using Plaintiffs' Capital One Spark Cash Plus card:

**Nikhil, you're getting closer to your next $2,000 bonus**

**Capital One Business** <donotreply@cardmessage.capitalone.com> Mon, Jun 16, 2025 at 2:02 PM
To: [redacted]

Sign in

Capital One Business

Account...7597

Nikhil, you're close to your next bonus!

There's still time to earn a **$2,000 bonus** for every $500,000 spent by September 19, 2025.

64. Capital One's failure and refusal to pay Plaintiffs their earned Purchase Rewards, Spend Bonus rewards and Annual Bonus reward after it unilaterally canceled their Capital One Spark Cash Plus card was done in conformity with Capital One's undisclosed rewards cancellation policy. That policy directly, proximately, and foreseeably caused injury to Plaintiffs and other Class Members.

**E. Capital One Charged Merchants Processing Fees for Plaintiffs' and Class Members' Purchases**

65. Capital One charges sellers of goods and services credit card processing fees, typically amounting to 2%-3% of each transaction, each time a Capital One-issued credit card is used to make a purchase.

66. Upon information and belief, Capital One charges a larger processing fee for its rewards cards since the rewards are funded, at least in part, by merchant fees.

67. Upon information and belief, Capital One received a processing fee from merchants for each charge made by Plaintiffs and Class Members using their Capital One rewards credit cards.

68. Upon information and belief, Capital One retained, and did not refund, the processing fees charged to merchants on the purchases made by Plaintiffs that posted to Plaintiffs' Spark Cash Plus account from July 22, 2025, through August 1, 2025.

### F. Capital One Breached Its Agreement with Class Members and Acted in Bad Faith

69. The Capital One reward cards' *Account Terms* promise that Plaintiffs and Class Members would earn Purchase Rewards on "all . . . purchases." Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by not paying or permitting the redemption of rewards earned from "all . . . purchases." *See, e.g.*, **Exhibit B**.

70. The Capital One reward cards' *Account Terms* promise that Plaintiffs and Class Members with cash-back reward cards "can get your cash back upon request in the form of a statement credit or a check." Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by not paying all earned cash back rewards to Plaintiffs and Class Members who made requests for payment or redemption. *See, e.g.*, **Exhibit B**.

71. The Capital One reward cards' *Terms & Conditions* promise that: "Rewards will be earned or deducted when the purchase or return transaction posts to your credit card account." Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by not paying or permitting the redemption of all earned rewards that posted to credit card accounts. *See* **Exhibit C**.

72. The Capital One reward cards' *Terms & Conditions* promise that Capital One could only disqualify a cardholder from the rewards program for fraud, abuse of program privileges or

violation of the Terms. Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by cancelling earned rewards when neither Plaintiffs nor the Class Members engaged in fraud, abuse of privileges or violation of the *Terms & Conditions*, as confirmed by the termination letters sent by Capital One. *See, e.g.*, **Exhibit C**.

73. For Capital One credit cards providing cash-back rewards, such as the Quicksilver, QuicksilverOne, Savor, SavorOne, Spark Cash, Spark Cash Plus, Spark Cash Select and Spark Classic cards, in a section entitled *Your Redemption Terms & Conditions*, the *Terms & Conditions* promise that: "Redemptions can be made for account credits toward prior purchases on this Rewards card account within 90 days from the date the purchase posts to the account." Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by not paying or permitting the redemption of all earned cash-back rewards within 90 days from the date purchases posted to accounts. *See, e.g.*, **Exhibit C**.

74. For Capital One credit cards providing points or miles rewards, such as the Venture X, Venture, VentureOne, Spark 2x Miles, Spark 1.5x Miles and Venture X Business cards, in a section entitled *Your Redemption Terms & Conditions*, the *Terms & Conditions* promise that: "Redemptions can be made for travel purchases within 90 days from the date the purchase posts to the account." Upon information and belief, Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by not permitting the redemption of all earned miles rewards within 90 days from the date purchases posted to accounts.

75. It was a breach of contract, including the duty of good faith and fair dealing, unreasonable, arbitrary and bad faith for Capital One to represent in the *Account Terms* and *Terms & Conditions* that while earned rewards will never expire, it "may" cancel earned rewards when it closed a rewards credit card account when Capital One knew it would cancel earned rewards when

it closed a rewards credit card account and did so even though any forfeiture of rewards was limited to when cardholders (not Capital One) closed their accounts. *See, e.g.*, **Exhibits B, C and D**.

76. The *Terms & Conditions* specifically refer cardholders to Defendant's Reward Program FAQs. The *Capital One Credit Card Rewards Redemption FAQ* and FAQs on Capital One's website promise that "Capital One rewards won't expire for the life of the account as long as the account remains in good standing. If you close the account, you may lose unredeemed rewards." *See, e.g.*, **Exhibit D.** Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by cancelling earned rewards when neither Plaintiffs nor the Class Members closed their Capital One rewards card accounts.

77. Even if Plaintiffs were in default, which they were not, Capital One was not contractually allowed to unilaterally forfeit their earned rewards. The Capital One *Customer Agreement* sets forth the specific actions Capital One may take if a cardholder is in default. Forfeiture of rewards is not one of those allowed actions. The Capital One *Customer Agreement* states that if Capital One closes an account, "you must stop using your card. You must also cancel all billing arrangements set up on the account…you must return or destroy all Cards. You must still pay us all amounts you owe on the Account." *See, e.g.*, **Exhibit A**. The Customer Agreement does not allow Defendant to forfeit rewards when it closes an account.

### G. Capital One Breached Its Agreement with the Spark Cash Plus Subclass and Acted in Bad Faith

78. It was a breach of contract, unreasonable, arbitrary and bad faith for Capital One to promise in the Spark Cash Plus *Account Terms* that Plaintiffs and Spark Plus Subclass Members would earn Purchase Rewards of "2% cash back on all . . . purchases," other than the 5% cash back applicable to hotel and rental car purchases when it failed to pay Plaintiffs 2% cash back Purchase Rewards on "all . . . purchases." *See* **Exhibit B**.

79. It was a breach of contract, unreasonable, arbitrary, and bad faith for Capital One to promise in the Spark Cash Plus *Account Terms* that Plaintiffs and Spark Plus Subclass Members "will earn an additional $2,000 bonus for every $500,000 you spend within 12 months of your enrollment." when Capital One failed and refused to pay Plainitffs $2,000 for each $500,000 charged on their Spark Cash Plus credit card. *See* **Exhibit B**.

80. It was a breach of contract, unreasonable, arbitrary, and bad faith for Capital One to promise in the Spark Cash Plus *Account Terms* that Plaintiffs and Spark Plus Subclass Members "can get your cash back upon request in the form of a statement credit or a check." when Capital One did not pay Plaintiffs all their earned 2% Purchase Rewards and Spend Bonus reward, despite Plaintiffs' requests. *See* **Exhibit B**.

81. It was a breach of contract, unreasonable, arbitrary, and bad faith for Capital One to promise in the Spark Cash Plus *Account Terms* that: "You will receive a statement credit of $150 each year when you spend at least $150,000 in net purchases by your membership anniversary date. You will see the statement credit within two billing cycles following your rewards membership anniversary date." *See, e.g.*, **Exhibit B**. Capital One breached this term and acted unreasonably, arbitrarily and in bad faith by not paying the Annual Bonus rewards when it Plaintiffs and Spark Cash Plus Subclass Members' accounts after the Annual Bonus rewards were earned.

82. It was a breach of contract, unreasonable, arbitrary, and bad faith for Capital One to promise in the *Terms & Conditions* that, "Rewards will be earned or deducted when the purchase or return transaction posts to your credit card account." *See* **Exhibit C**. Capital One did not pay Purchase Rewards posted to Plaintiffs' account from on or about July 22, 2025, to August 1, 2025.

83. It was a breach of contract, unreasonable, arbitrary, and bad faith for Capital One to promise in the *Terms & Conditions* that Plaintiffs and Spark Cash Plus Subclass Members could redeem their rewards within 90 days of the purchases posting to their account when Capital One refused to allow Plaintiffs and the Spark Cash Plus Subclass Members 90 days to redeem their rewards after purchases posted to their accounts. *See* **Exhibit C**. Despite Plaintiff Navkal's requests, Capital One did not permit Plaintiffs to redeem their 2% Purchase Rewards earned on transactions posted to its Spark Cash Plus account from on or about July 22, 2025, to August 1, 2025, and Capital One prevented the redemption of Plaintiffs' Spend Bonus rewards.

84. It was a breach of contract, unreasonable, arbitrary, and bad faith for Capital One to promise in the *Terms & Conditions* that Capital One could only disqualify a cardholder from the rewards program for fraud, abuse of program privileges or violation of the *Terms & Conditions* when it disqualified cardholders who did not commit fraud, abuse program privileges or violate the *Terms & Conditions*. *See* **Exhibit B**. Neither Plaintiffs nor the Spark Cash Plus Subclass engaged in fraud, abuse of privileges or violation of the *Terms & Conditions*. Nevertheless, Capital One cancelled Plaintiffs' and the Spark Cash Plus Subclass Members' rewards.

85. It was a breach of contract, unreasonable, arbitrary and bad faith for Capital One to promise in the *Capital One Credit Card Rewards Redemption FAQ* and the FAQs on Capital One's website that, "Capital One rewards won't expire for the life of the account as long as the account remains in good standing. **If you close the account**, you may lose unredeemed rewards," when it forfeited earned rewards when neither Plainitffs nor the Class Members closed their Capital One rewards card accounts (emphasis added). Even though Plaintiff and Spark Cash Plus Subclass Members did not close their accounts, Capital One cancelled their earned Purchase and/or Spend Bonus rewards.

### H. Capital One's Failure to Pay Earned Rewards Injures Cardmembers Nationwide

86. Capital One rewards cardholders have complained about Capital One's policy and practice of cancelling earned rewards when it closes a Capital One rewards credit card. For example, the following complaints (some excerpted) are among the complaints made to the CFPB:

a. "They [Capital One] close[d] my account without notice. They didn't let me get my welcome bonus back for purchasing {$500.00} within XXXX XXXX. And my other points from buying groceries and gas . . . . I tried using my account to pay for gas it got declined. I went online it says restricted, wasn't able to see my points anymore for {$210.00} I got from welcome bonus points from groceries. I give a call XXXX of XXXX around XXXX, they said they close it and [I] can't get my rewards anymore, I was so upset because I was talking to [a] supervisor and [Capital One] didn't do anything about it."[13] (cleaned up).

b. "Capital One says it is going to close my account, NOT paying my Rewards Cash of {$830.00}, because they want me to prove that I am an authorized user with government IDs. The XXXX account is all up to date, with ZERO balance."[14]

c. "CapitalOne closed my accounts on BOTH of my credit cards I had with them, and they refuse to send me a check for the remaining credit balance on my Quicksilver card and my rewards points from my Savor One card. . . . ALL OF MY DISPUTES ARE CLOSED. THE 'FRAUD' DISPUTES WERE CLOSED LAST MONTH!!! The customer service ***STILL*** REFUSES to level with me and tell me the truth when they can send a check out!!!! They make up all kinds of excuses why I cannot get my money! ALL THEY NEED TO DO ISSEND ME A CHECK FOR THE AMOUNT OF {$40.00} THAT IS REMAINING IN MY CREDIT BALANCE, AND {$18.00} FOR THE SAVOR ONE ***REWARDS POINTS***!!! NOT EVEN 60 DOLLARS!!!! Why can't these REWARDS people do their job and why do they LIE AND MAKE UP EXCUSES as to why I can't have what is left of my money?!!!!! It is a small amount, but it is MY MONEY, NOT CAPITAL ONE'S!!!! Why can't these people do the right thing and send me the checks for those 2 amounts??? WHAT IS WRONG WITH THEM?!!!! I will NEVER, EVER do business with CapitalOne ever again. They are DISHONEST and they will STEAL YOURMONEY! They close

---

13 Capital One Financial Corporation, CFPB No. 12601164 (Mar. 21, 2025).

14 Capital One Financial Corporation, CFPB No. 12477984 (Mar. 15, 2025).

your card accounts for STUPID reasons, so they could steal your money. This is how they 'stay afloat,' I suspect."[15]

d. "On XX/XX/year>, Capital One abruptly closed all three of my accounts, citing activity they deemed inconsistent with typical customer usage. I received the closure notice on the same day the accounts were terminated, with no prior warning or opportunity to address any concerns. What[']s most upsetting is that I had accumulated approximately XXXX XXXX reward miles across these accounts miles I had earned over time through legitimate use. Capital One has since denied me access to those rewards and effectively erased them. It feels deeply unfair and disheartening, as if something I rightfully earned was taken from me without justification or recourse."[16]

e. "I had a reward credit of {$300.00} pending on my Capital One Quicksilver credit card & they closed the account & stole my rewards credit of {$300.00}. I wanted them to honor my reward credit & they refused!!!"[17]

f. "Dear Consumer Financial Protection Bureau, I am writing to file a formal complaint regarding the sudden and unexplained closure of my Capital One Spark Business Credit Card, account ending in XXXX. We have used this credit card consistently for over XXXX years to manage our business expenses. Our account was always in good standing we regularly paid more than the statement balance and relied on this card for nearly all of our business transactions. As a result, Capital One likely earned significant revenue from the transaction fees associated with our usage. Despite this strong history, the account was abruptly closed due to suspected fraud. I was not contacted beforehand, provided with any evidence of suspicious activity, or given a chance to respond or verify transactions. I spoke with a Capital One representative who informed me that the decision was final and could not be reversed. I also inquired about the XXXX miles (reward points) I had accumulated, and was told they would be credited back to my account. However, on my most recent statement, there is no indication of those rewards being restored. These points were earned in good faith through eligible business activity, and I am requesting that they be returned to my account immediately."[18]

g. "I am writing to file a formal complaint regarding unfair and potentially unlawful treatment by my credit card issuer. I am an XXXX woman, and I believe I am being taken advantage of due to my age and limited ability to

---

[15] Capital One Financial Corporation, CFPB Case No. 11756798 (Jan. 23, 2025).

[16] Capital One Financial Corporation, CFPB Case No. 14422426 (Jul. 2, 2025).

[17] Capital One Financial Corporation, CFPB Case No. 14304324 (Jun. 26, 2025).

[18] Capital One Financial Corporation, CFPB Case No. 14053657 (Jun. 12, 2025).

fight back legally. The company [Capital One] recently closed my credit card accounts and is now refusing to allow me to redeem the points I rightfully earned over many years. Specifically: - On the card ending in XXXX, I had approximately XXXX points. - On the card ending in XXXX, I had approximately XXXX points. These points represent years of responsible usage and loyalty, and I received no opportunity to redeem them before or after the account closures. I believe this action violates consumer protection principles, and possibly the [] New York State law announced by Governor XXXX, which requires that credit card issuers provide fair access to rewards even after account closure: XXXX XXXX XXXX I respectfully request that the CFPB investigate this matter. I am simply seeking fairness and the rewards I earned. I truly feel this is an abuse of power, and I hope for your assistance."[19]

h. "I received an email from Capital One on XXXX saying my Spark! card had been cancelled due to inactivity. They say they sent a letter in XXXX of XXXX letting me know the card was going to be cancelled. When I called about my Rewards Balance of {$1300.00}, they said that the balance went to zero when the card was cancelled. At no point did I see any communication about that. I do have another Capital One card and the balance could have easily been transferred to that."[20]

i. "On XX/XX/year> Capital One restricted my credit card account. On XX/XX/year>, I called Capital One and spoke to XXXX (employee reference number XXXX). I told them that my credit card account was restricted. I asked for the reason behind it, and Capital One did not provide any explanations. Instead, they requested bank statements from me to verify my income and refused to lift the hold until I did so. When I asked Capital One to provide their request in writing, Capital One refused and replied that they, 'can only do so orally and are unable to provide a written request.' I asked them to apply my rewards points towards my balance owed, and they refused to do so. They are denying me access to my rewards points which I asked to be applied towards my balance owed. Additionally, this includes rewards {$300.00} worth of promotional bonus for signing up for the card, which is reported on the Form 1099INT as interest income. This is my money I paid tax on, and they are denying me my rightful access to it. I want my rewards points to be applied towards my balance owed as a resolution."[21]

j. "I have a XXXX XXXX and a XXXX XXXX account with capital one. I reported fraud due to my additional account holder losing his credit card. My account was closed on XX/XX/year> . . . . I had XXXX points in my

[19] Capital One Financial Corporation, CFPB Case No. 13931143 (Jun. 6, 2025).

[20] Capital One Financial Corporation, CFPB Case No. 13627798 (May 20, 2025).

[21] Capital One Financial Corporation, CFPB Case No. 13335446 (May 5, 2025).

account, that were stolen from me because capital one closed my account without notice. Although, the accounts are closed they left the XXXX XXXX account balance open for me to pay. ({$6000.00}), but refuse to return my points, worth{$7000.00}. I earned those points by spending my hard earned money over the course of XXXX years. I was never late on a payment and only used the card so much so i could accumulate credit points so i could book a trip to see my mother . . . . I would like my credit card points back. Even if i was given XXXX days notice, that would have been enough time for me to transfer my points to the airline of my choice. I am very upset and I feel like i was robbed of my hard earned cash. To make matters worse I was left with no cards to pay for my business expenses, and regular expenses. This is very deceptive of Capital one to treat me like this. There are many complaints all over the internet of this company stealing customers points without giving them the grace to use their points. XXXX XXXX XXXX."[22]

k. "I am filing this complaint because both of my Capital One credit card accounts (ending in XXXX and XXXX ) were closed without prior notice or the opportunity to resolve any issue. I have been a CapitalOne customer for over XXXX years and have never missed a payment. I regularly make payments above the minimum due and had over {$2500.00} in rewards saved across both accounts. In XX/XX/year>, I discovered through my online portal that both accounts were closed. I received no advance warning via email, phone, or app only XXXX vague letters dated XX/XX/year>, that stated my account activity was inconsistent with typical customer usage . . . . Then I was told my accounts were closed permanently, that I could not reopen them, and that all of my rewards were forfeited with no option to apply them to my balance or redeem them. This inconsistent communication has left me extremely frustrated and financially impacted. My credit score is now suffering due to the closures and the loss of available credit, and my family vacation which I had been saving rewards for is affected."[23]

l. "I'm writing to formally file a complaint against Capital One regarding the improper restriction and subsequent closure of my credit card account . . . . Following the unauthorized closure, I requested the rewards points that I had legitimately accumulated on my account. However, Capital One denied this request, stating there is no procedure to transfer or redeem rewards from a closed account. I believe this action was unjustified and unfairly executed, resulting in the loss of earned financial rewards and causing significant inconvenience and frustration."[24]

---

[22] Capital One Financial Corporation, CFPB Case No. 13018268 (Apr. 16, 2025).

[23] Capital One Financial Corporation, CFPB Case No. 13008949 (Apr. 15, 2025).

[24] Capital One Financial Corporation, CFPB Case No. 13004873 (Apr. 15, 2025).

m. "According to Capital one my account has been closed since XX/XX/XXXX, I[']ve contacted them numerous times after this about my rewards I had but they given me different answers each time one representative telling me I will be able to receive my funds and I will have to wait for mail check the same way they were mailing me my statements, another representative stating I was able to receive my funds up until 90 days and they would send me mail sending stating (which they never did they only sent mail of how much I owed which I[']ve now paid my card off fully) but the time has already passed so now I won[']t be able to receive my funds, and than a advising supervisor telling me the funds I had on my account were forfeited, however when I spoke to both the representatives under her they told me my reward funds are still there. So due to numerous representatives giving me different answers I was not able to receive my funds I[']ve previously stated I would be given, as well the advising supervisor said I am able to open account a new account which I am able to start a new rewards but they are not able to reopen my account with the funds on it which make me no sense to me."[25]

n. "Today is XX/XX/XXXX. I logged into my Capital One app, which I do several times a week, and noticed that one of my credit card accounts had been closed . . . . I thought it was weird because I did not want to close that account. I liked to keep it open for emergencies. So I called Capital One to ask why it was closed and asked the agent where my earned reward miles are. I spoke with 4 people, 2 lower-level agents and 2 supervisors. They all told me the same thing, that they notified me in XXXX of last year that my account would be closed due to inactivity and my reward miles would be forfeited. The problem is, I never received those notifications . . . . I am a loyal customer of Capital One for years and I very much value their points/reward miles program. I would not have let my XXXX miles lapse for something so trivial . . . . What I'm most upset about is their ability to take all of your hard-earned miles with the account closure and not offer any sort of recourse to get them back. Now, the account was just closed TODAY (XX/XX/XXXX), so I immediately called someone at Capital One to remedy the situation, and the response I received from customer service was so rude and wholly unempathetic that I nearly cried on the phone. They just kept telling me that, 'well the account is closed so there's nothing I can do . . .,' which is mind-numbingly frustrating to me because I never wanted to close the account in the first place!!!!"[26]

o. "Dear Consumer Financial Protection Bureau ( CFPB ), I am writing to seek your assistance in resolving a dispute I have with Capital One regarding the closure of two of my credit card accounts. The closure occurred following a returned payment on one of my cards, despite me promptly paying the full

---

[25] Capital One Financial Corporation, CFPB Case No. 12926279 (Apr. 10, 2025).

[26] Capital One Financial Corporation, CFPB Case No. 12892476 (Apr. 9, 2025).

balance the next day from a different account. Upon the closure of these accounts, I immediately contacted Capital One to redeem my accumulated rewards points and travel credit. 1. The card ending in XXXX had approximately XXXX points. 2. the card ending in XXXX had about XXXX points. Additionally, I had a travel credit of approximately {$740.00}. However, Capital One refused to allow me to redeem these rewards, a practice I believe violates New York law. After weeks of attempting to resolve the issue and informing Capital One of my intent to pursue legal action for their noncompliance with New York law, I was offered {$1700.00} in cashback. However, this amount represents only half the value of my accumulated points (which should have been {$3500.00}) and does not reflect the proper form of redemption. Furthermore, this action violates New York law, which mandates that rewards be redeemable in the same manner as before account closure, for up to 90 days. (For Example: transferring to travel partners, transferring to another members account . . .) I am requesting the CFPBs assistance in recovering the remaining value of my points ({$1700.00}) as well as my {$740.00} in travel credit. These rewards represent years of work to gain these rewards, and I believe Capital One's actions are unlawful."[27]

p. "I have a capital one venture credit card # XXXX XXXX XXXX XXXX. I signed up and approved for promotional reward points about 1 yr ago. I accumulated about 86,000 reward points unredeemed. I applied for Capital one spark card for business card 3 months ago which was rejected and closed. Capital one then claimed fraud on the 1st venture card, all the transactions on the Venture card were authorized and had XXXX XXXX . . . . We thought the fraud claim issue was resolved. Dated on XX/XX/year>, Capital one closed my account and about 3 months ago they locked the card with 86,000 reward point so I couldn't not accessed."[28]

q. "On XXXX XXXX, Capital One charged me the annual fee of XXXX dollars, and the next days closed my Venture XXXX CC without warning and refuses to give me the roughly XXXX of points which I had accumulated on the account."[29]

r. "On XX/XX/year>, Capital One abruptly closed all three of my accounts, citing activity they deemed inconsistent with typical customer usage. I received the closure notice on the same day the accounts were terminated, with no prior warning or opportunity to address any concerns. What[']s most upsetting is that I had accumulated approximately XXXX XXXX reward miles across these accounts miles I had earned over time through legitimate use. Capital One has since denied me access to those rewards

27 Capital One Financial Corporation, CFPB Case No. 11951521 (Feb. 5, 2025).

28 Capital One Financial Corporation, CFPB Case No. 11632002 (Jan. 18, 2025).

29 Capital One Financial Corporation, CFPB Case No. 11027736 (Dec. 5, 2024).

> and effectively erased them. It feels deeply unfair and disheartening, as if something I rightfully earned was taken from me without justification or recourse."[30]

## CLASS ACTION ALLEGATIONS

87. Plaintiffs bring this action pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3) on behalf of itself individually and the class defined as follows:

> Refund Class: All persons or entities for whom Capital One closed a credit card account when the cardholder was not in default, and who thereafter did not receive from Capital One payment or redemptions of all the credit card rewards earned by the cardholder (in the form of cash or miles) based on the cardholder's purchases using the closed Capital One credit card account.

88. In addition, Plaintiffs bring this action pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and 23(b)(3) on behalf of themselves and the subclasses defined as follows:

> Spark Cash Plus Card Subclass: All members of the Refund Class who were issued a Capital One Spark Cash Plus credit card.
>
> New York Subclass: All members of the Refund Class who reside or made purchases with their Capital One credit cards in New York.
>
> ECOA Subclass: All members of the Refund Class whose credit card accounts were cancelled by Capital One for the stated reason that: "Capital One has observed activity on one of more of your Capital One accounts that is inconsistent with typical customer account usage."

89. Excluded from the Refund Class, the Spark Cash Plus Card Subclass, the New York Subclass and the ECOA Subclass (collectively, the "Classes") is Defendant and its parent(s), subsidiary(ies), officers, directors, employees, partners, and co-venturers. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff assigned to this action.

90. Upon information and belief, the Classes contain thousands of individuals whose identities can be readily ascertained from Defendant's books and records.

---

30 Capital One Financial Corporation, CFPB Case No. 14422426 (Jul. 2, 2025).

91. Common questions of law and fact raised in this action on behalf of the Classes include the following:

a. Whether Capital One credit card accounts are subject to standardized agreements.

b. Whether Capital One breached Plaintiffs' and Class Members' agreements by not paying or permitting Class Members to redeem all earned rewards after account closure;

c. Whether Capital One was unjustly enriched by not paying or permitting redemption of all earned credit card rewards after account closure;

d. Whether Capital One was unjustly enriched by not paying or permitting redemption of all earned credit card rewards within 90 days from when rewards are posted;

e. Whether Capital One maintains a policy and practice of not paying or permitting redemption of credit card rewards earned on purchases before account closure but posted after account closure;

f. Whether Capital One maintains a policy and practice of not paying earned Bonus rewards;

g. Whether Capital One violated the ECOA and Regulation B by failing to provide permitted and specific reasons for the cancellation of credit card accounts; and

h. Whether Plaintiffs and Class Members were injured by Capital One's challenged policies and practices.

92. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained able counsel with extensive experience in consumer and borrower class action litigation. The interests of Plaintiffs are not antagonistic to the interests of other Class Members.

93. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

94. Capital One has acted or refused to act on grounds that apply generally to the Classes so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

95. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual Class Members.

96. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by Class Members may be relatively small, the expense and burden of individual litigation make it impossible for the Class Members to individually redress the wrongs done to them. The Classes are readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. The Court will encounter no difficulty in managing this action as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT
### AND VIOLATION OF THE DUTIES OF GOOD FAITH AND FAIR DEALING
### (ON BEHALF OF PLAINTIFFS AND THE REFUND CLASS)

97. Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

98. Plaintiffs and Class Members each entered into agreements with Capital One for the use and enjoyment of a Capital One rewards credit card.

99. According to Capital One's form *Customer Agreement*, the terms of its agreements with Class member cardholders comprise: (1) that *Customer Agreement*; (2) all statements; (3) "any rewards program terms, conditions, and disclosures"; (4) "your Card benefits brochure which describes benefits provided by the *Payment Card Network* for your *Account*"; (5) "all disclosures and materials provided to you before or when you opened your *Account*"; (6) "any other documents and disclosures relating to your *Account*, including those provided online"; and (7) any future changes we make to the above.

100. A covenant of good faith and fair dealing is implied by law in every contract. The covenant obligates the parties to a contract not to do anything which injures the right of the other to receive the benefits of the agreement.

101. Where a contract confers upon one party a discretionary power affecting the rights of the other(s), a duty is imposed on the party with discretion to exercise that discretion in good faith and in accordance with fair dealing and the parties' legitimate expectations.

102. The duty of good faith and fair dealing requires that a party not act arbitrarily, unreasonably or in bad faith.

103. Capital One exercised any contractual discretion it may have had unreasonably, arbitrarily and in bad faith by cancelling credit card accounts, failing to pay and/or failing to permit Plaintiffs and Class Member to redeem earned rewards on their Capital One rewards credit cards when those accounts were closed by Capital One and Plaintiffs and Class Members were not in default.

104. Capital One breached its agreements with Plaintiffs and Class Members when it cancelled credit card accounts and failed to pay or permit redemption of all earned rewards when the cardholders were not in default of their credit card agreements.

105. Capital One breached its agreements with Plaintiffs and Class Members by refusing to permit them to redeem all earned rewards within 90 days from the date purchases posted to Plaintiffs' and Class Members' accounts.

106. Capital One breached its promise in the *Account Terms* that Class Members will earn rewards for "all . . . purchases" made using the Capital One rewards card.

107. Capital One breached its promise in the *Account Terms* that, "You can get your cash back upon request in the form of a statement credit or a check."

108. Capital One breached its promise in the *Terms & Conditions* that, "Rewards will be earned or deducted when the purchase or return transaction posts to your credit card account."

109. Capital One reserved the right to disqualify a cardholder from the rewards program only for fraud, abuse of program privileges or violation of the Terms. Capital One breached the contract when it revoked Plaintiffs' and Class Members' rewards when they were not in default, did not abuse program privileges or violate the terms and conditions.

110. Capital One breached its promise in the *Terms & Conditions* for Capital One credit cards providing cash-back rewards that: "Redemptions can be made for account credits toward prior purchases on this Rewards card account within 90 days from the date the purchase posts to the account."

111. Upon information and belief, Capital One breached its promise in the *Terms & Conditions* for Capital One credit cards providing points or miles rewards that: "Redemptions can be made for travel purchases within 90 days from the date the purchase posts to the account."

112. The *Terms & Conditions* specifically refer cardholders to Rewards Program FAQs. Capital One breached its promise in the *Capital One Credit Card Rewards Redemption FAQ* and the FAQs on Capital One's website that, "Capital One rewards won't expire for the life of the account as long as the account remains in good standing. If you close the account, you may lose unredeemed rewards."

113. Capital One breached its representation in the *Account Terms* and *Terms and Conditions* stating that Capital One "may" cancel rewards when it closed a rewards credit card account by maintaining an undisclosed policy cancel and prevent redemption of earned rewards when an account is closed by Capital One when the borrower is not in default, thereby violating the covenant of good faith and fair dealing.

114. For Plaintiffs and members of the Spark Cash Plus Card Subclass, Capital One breached the term contained in the Spark Cash Plus *Account Terms* that: "You will earn an additional $2,000 bonus for every $500,000 you spend within 12 months of your enrollment."

115. For Plaintiffs and members of the Spark Cash Plus Card Subclass who spend more than $150,000 during the first year, Capital One breached the term contained in the Spark Cash Plus *Account Terms* that, "You will receive a statement credit of $150 each year when you spend at least $150,000 in net purchases by your membership anniversary date. You will see the statement credit within two billing cycles following your rewards membership anniversary date."

116. Capital One breached its agreement with Plaintiffs and Spark Cash Plus Subclass Members by failing to pay earned Spend Bonus rewards.

117. By failing to pay or allow redemption of all earned rewards, Capital One breached the terms of its agreements set forth in statements and advertisements sent to Class Members by mail and email representing the amount of earned rewards.

118. By failing to pay or allow redemption of all earned rewards, Capital One breached the terms of its agreements set forth in statements made available on Capital One's website, setting forth the rewards earned by Class Members.

119. To the extent its agreements with Plaintiffs and Class Members allowed Capital One any discretion to revoke earned rewards, Capital One breached the covenant of good faith and fair dealing and acted in bad faith in denying cardholders earned rewards when Class Members were not in default. Capital One has unfairly interfered with the rights of Plaintiffs and Class Members to receive the benefits of their agreements with Capital One, thereby directly, proximately, and foreseeably causing them injury and damages.

120. Capital One breached its agreement with Plaintiffs by failing to pay Plaintiffs the 2% Purchase Rewards for purchases made *before* their account was closed and posted to their Spark Cash Plus credit card account from on or about July 22, 2025, to August 1, 2025.

121. Capital One breached its agreement with Plaintiffs by failing to pay Plaintiffs $8,000 in earned Spend Bonus rewards for purchases made with their Spark Cash Plus credit card.

122. If Capital One had discretion to do so, revoking Plaintiffs' Spend Bonus shortly before the anniversary date and after Plaintiffs had spent 98.5% of the threshold amount to earn an additional $2,000.00 bonus was a breach of the covenant of good faith and fair dealing when Plaintiffs were not in default.

123. As the first party to breach, Capital One is not entitled to enforce any provision of its agreements with Plaintiffs and Class Members.

124. Plaintiffs and Class Members have been injured and damaged as a direct, proximate, and foreseeable result of Capital One's breaches of Plaintiffs' and Class Members' agreements and the duties of good faith and fair dealing. Those injuries comprise the value of all earned, but not paid, credit card rewards.

125. To remedy Capital One's breaches of contract, including the duties of good faith and fair dealing, Plaintiffs and the Classes seek damages, equitable remedies and all other appropriate remedies and relief.

## SECOND CAUSE OF ACTION

### UNJUST ENRICHMENT
### (ON BEHALF OF PLAINTIFFS AND THE REFUND CLASS)

126. Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

127. Pursuant to FED. R. CIV. P. 8(d), this claim for unjust enrichment is pleaded in the alternative to Plaintiffs' and the Classes' claims for breach of contract.

128. Capital One has violated the common law of unjust enrichment in all the states and territories of the United States where Class Members reside and are issued Capital One rewards credit cards.

129. Capital One was financially incentivized to revoke Class Members' earned rewards. By doing so, Capital One benefitted by not paying those rewards to Plaintiffs and the other Class Members, and it also benefitted by keeping the processing fees paid to it by merchants on all underlying rewards card purchases that were designed to pay the rewards to Plaintiffs and Class Members.

130. Capital One has benefited from the unlawful and inequitable acts alleged in this Complaint, comprising its unlawful and inequitable refusal to pay or permit redemption of all earned credit card rewards. Capital One knew or should have known of this benefit and should reasonably have expected to repay Plaintiffs and the other Class Members.

131. Plaintiffs and Class Members have conferred upon Capital One a traceable economic benefit resulting from the unlawful and inequitable acts alleged in this Complaint. Defendant retained this benefit without paying for its value.

132. The economic benefits derived by Capital One are a direct and proximate result of its unlawful and inequitable acts alleged in this Complaint.

133. Earned but unpaid credit card rewards rightfully and equitably belong to Plaintiffs and Class Members.

134. It would be inequitable and unjust for Capital One to retain any portion of unpaid credit card rewards earned by Plaintiffs and Class Members.

135. Plaintiffs' and Class Members' unintentional conferral of profits onto Capital One were brought about by Capital One's unlawful, unfair, deceptive, misleading, and inequitable methods, acts, and practices alleged in this Complaint.

136. Capital One should be compelled to provide restitution or to disgorge in a common fund for the benefit of Plaintiffs and Class Members all unlawful or inequitable proceeds received or withheld from them.

137. A constructive trust should be imposed upon all unlawful or inequitable sums received or withheld by Capital One traceable to Plaintiffs and Class Members.

## THIRD CAUSE OF ACTION

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §349 (ON BEHALF OF PLAINTIFF NAVKAL AND THE NEW YORK SUBCLASS)

138. Plaintiff Navkal restates, re-alleges, and incorporates by reference the foregoing paragraphs.

139. Plaintiff Navkal and the members of the New York Subclass are "persons" within the meaning of GBL §349(h).

140. GBL §349(a) states: "Unfair, deceptive or abusive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

141. GBL §349(g) provides that deceptive acts and practices will include those acts and practices "declared to be unlawful . . . by any other law of this state . . .."

142. Capital One engaged in consumer-orientated, deceptive acts, policies, and practices in the form of misrepresentations and/or material omissions during the conduct of business in New York in violation of GBL §349(a) by engaging in the methods, acts, practices, and conduct described in this Complaint, including the following:

a. Deceptively cancelling and preventing or denying the redemption of earned credit card rewards;

b. Deceptively promoting, soliciting, and advertising Capital One's reward credit cards as earning rewards for cardholders based upon all purchases using the Capital One reward credit cards;

c. Deceptively terminating Capital One credit card account to avoid paying earned Spend Bonus and Annual Bonus rewards;

d. Misrepresenting that cardholders would have 90 days to redeem their rewards and that only account closure by the cardholder could result in lost rewards;

e. Deceptively and unlawfully engaging in violations of GBL §350;

f. Deceptively and unlawfully engaging in violations of GBL §520-e; and

g. For members of the New York Subclass who are also members of the ECOA subclass, Capital One engaged in deceptive and unlawful practices by violating the ECOA.

143. Capital One's conduct alleged in this Count is deceptive because those acts and practices are likely to mislead consumers, borrowers and the public by making them believe, deceptively, that Capital One would pay and/or permit the redemption of all the rewards earned by using Capital One reward credit cards.

144. Capital One's violations of GBL §349(a) have directly, foreseeably, and proximately caused damages and injury to Plaintiff Navkal and the New York Subclass. Capital One's violations of GBL §349 caused Plaintiff Navkal's and New York Subclass members' injuries because absent their violations Plaintiff Navkal and New York Subclass members would been paid or permitted to redeem their earned credit card rewards.

145. Plaintiff Navkal is a member of the New York Subclass. Capital One canceled the Spark Cash Plus account owned by Plaintiffs and thereafter refused to pay and denied the redemption of Plaintiffs' earned Purchase Rewards posted on and after July 22, 2005, and Spend Bonus rewards.

146. Plaintiff Navkal and the New York Subclass are entitled to pursue claims against Capital One for actual damages, statutory damages, treble damages, exemplary damages, injunctive relief, costs, and attorneys' fees pursuant to GBL §349(h) to redress Capital One's violations of GBL §349(a).

**FOURTH CAUSE OF ACTION**

**VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §350**
**(ON BEHALF OF PLAINTIFF NAVKAL AND THE NEW YORK SUBCLASS)**

147. Plaintiff Navkal restates, re-alleges, and incorporates by reference the foregoing paragraphs.

148. Plaintiff Navkal and members of the New York Subclass are "persons" within the meaning of GBL §350(e)(3).

149. GBL §350 states: "False advertising unlawful. False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful."

150. GBL §350-a(1) states in pertinent part:

> False advertising. 1. The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms, or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.

151. As pled in this Complaint, Capital One engaged in false advertising directed to, accessible and viewed by persons located in New York in violation of GBL §350.

152. Capital One's false advertising included:

a. misrepresenting that cardholders would earn rewards based upon all purchases using the Capital One reward credit cards;

b. misrepresenting that cardmembers could redeem all earned rewards; and

c. Misrepresenting that Capital One could cancel and prevent or deny the redemption of earned credit card rewards only when the cardholder closed an account or when cardholders were not in good standing.

153. Plaintiff Navkal viewed Capital One's false advertisements for the Spark Cash Plus credit card, including those available on Capital One's website, before applying for that credit card, which false advertisements caused him to apply for the Spark Cash Plus credit card.

154. Capital One knew or should have known that its advertisements, solicitations, and promotions were false and likely to deceive and mislead Plaintiff Navkal and New York Subclass Members. Plaintiffs do not seek to require any particular disclosures from defendants. Plaintiffs merely claim that Defendant is engaging in deceptive practices and insists that Capital One operate free from such deceptive practices.

155. Plaintiff Navkal and New York Subclass members have been injured as a result of Capital One's violations of GBL §350.

156. Capital One's false advertising has directly, foreseeably, and proximately caused damages and injury to Plaintiff Navkal and the other members of the New York Subclass.

157. Plaintiff Navkal and the New York Subclass are entitled to pursue a claim against Capital One for actual damages, statutory damages, treble damages, injunctive relief, costs, and attorneys' fees pursuant to GBL §350-e(3) to redress its violations of GBL §350.

## FIFTH CAUSE OF ACTION

### VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW §520-E
### (ON BEHALF OF PLAINTIFF NAVKAL AND THE NEW YORK SUBCLASS)

158. Plaintiff restates, re-alleges, and incorporates by reference the foregoing paragraphs.

159. The credit card rewards promised by Capital One to Plaintiff Navkal and the New York Subclass were "credit card points," and/or "rewards" as defined in GBL §520-e(1).

160. Capital One operated a "rewards program" as defined in GBL §520-e(1).

161. Plaintiff Navkal agreed with Capital One to pay all obligations arising from the use of the Spark Cash Plus credit card at issue herein.

162. Plaintiff Navkal is a "Holder" as that term is defined in GBL §511.

163. Capital One is an "Issuer" as that term is defined in GBL §511.

164. Capital One modified Plaintiff Navkal's account when it took action "that had the effect of eliminating points, reducing the value of points . . . limiting or reducing rewards availability, limiting a holder's use of points on the credit card account [and] otherwise diminishing the value of the rewards program or the credit card account to the holder[.]" GBL §520-e(1)(d).

165. GBL §520-e(2) provides that when an account is modified:

> Beginning with the date on which notice is sent, the holder shall have ninety days to redeem, exchange, or otherwise use any credit card points that the holder accumulated at the time of such modification, cancellation, closure, or termination as permitted under the terms of the agreement or agreements between the holder and the issuer which is servicing the applicable credit card account or related rewards program, subject to the availability of rewards.

166. GBL §520-e(3) provides:

> It shall be unlawful for any agreement between an issuer and a holder, or any rewards program, to provide for the expiration, forfeiture, or cancellation of credit card points prior to the expiration of the ninety-day period set forth in subdivision two of this section.

167. GBL §520-e(3) provides:

> Any agreement entered into by a holder that waives, limits, or disclaims the rights set forth in this section shall be void as contrary to public policy.

168. Capital One violated GBL §520-e(2) by not permitting Plaintiff Navkal and New York Subclass Members 90-days to redeem, exchange, or use credit card points earned and

accumulated at the time Capital One modified, terminated, closed, and cancelled Plaintiff Navkal's and New York Subclass Members' credit card accounts.

169. Plaintiff Navkal and the New York Subclass did not engage in fraud or misuse of their Capital One credit cards that provided credit card points and/or rewards.

170. Capital One's violations of GBL §520-e(2) directly, proximately, and foreseeably caused Plaintiff Navkal and the New York Subclass to be injured.

171. Plaintiff Navkal has been damaged in the amount of the earned Purchase Rewards, Spend Bonus rewards and Annual Bonus rewards that Capital One has refused to pay after cancellation of this Spark Cash Plus credit card account.

172. Plaintiff Navkal and the New York Subclass seek damages and all other available remedies to redress Capital One's violations of GBL §520-e.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT AND REGULATION B (ON BEHALF OF PLAINTIFFS AND THE ECOA SUBCLASS)

173. Plaintiffs restate, re-allege, and incorporate by reference the foregoing paragraphs.

174. Defendant regularly extends, renews, and continues credits and is a creditor under the Equal Credit Opportunity Act (the "ECOA"), 15 U.S.C. §1691, *et seq*., and Regulation B, 12 C.F.R. §1002.1, *et seq*.

175. Defendant received more than 150 applications for the extension, renewal, or continuation of credit during the preceding calendar year.

176. Plaintiffs and the members of the ECOA Subclass are applicants and persons under the ECOA.

177. Capital One's cancellation of Plaintiffs' and the ECOA Subclass Members' credit card accounts was an adverse action under the ECOA. 15 U.S.C. §1691(d)(6).

178. Plaintiff NTech had gross revenues of less than $1 million in 2024, the fiscal year preceding the year Capital One cancelled Plaintiffs' Spark Cash Plus rewards card account.

179. Plaintiffs provided a written request to Capital One within 60 days of account cancelation, requesting the reasons their Plaintiffs' Spark Cash Plus rewards card account was cancelled.

180. The ECOA has two goals, namely protection and education. The goal of education is promoted only when the subject of an adverse action is informed how their credit status is deficient so that they will know what needs to be improved and can take steps toward improvement.

181. The ECOA required Capital One to provide Plaintiffs and ECOA Subclass members with written notice of a permitted "specific reason[]" for the adverse action, including the "principal" reason. Capital One failed to do so.

182. Capital One did not identify a permitted, principal specific reason for cancelling Plaintiffs' and ECOA Subclass members' credit card accounts as required by 12 C.F.R. §202.9(a)(2) and (b)(2).

183. Instead, Capital One's sole stated reason for its adverse action was: "Capital One has observed activity on one of more of your Capital One accounts that is inconsistent with typical customer account usage." *See* **Exhibit E**.

184. This stated reason was based on Capital One's internal standards or policies.

185. Capital One's stated reason for its adverse action fails to inform Plaintiffs and the ECOA Subclass where and how their credit is deficient and how it could be improved. Plaintiffs and ECOA Subclass members do not know and could not know Capital One's "typical customer account usage" or how their usage was "inconsistent" with that usage.

186. Adverse actions based on Capital One's internal standards or policies violate the ECOA and Regulation B and caused proximate and foreseeable harm and injury to Plaintiffs and members of the ECOA Subclass.

187. Plaintiffs and the ECOA Subclass seek damages, statutory damages, punitive damages, equitable and declaratory remedies, and reasonable attorneys' fees and costs as permitted by the ECOA, 15 U.S.C. §1691e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

A. An order certifying this case as a class action under FED. R. CIV. P. 23, and appointing Plaintiffs and their counsel to represent the Classes;

B. An order declaring and finding that Defendant's acts and practices constitute breaches of contract including violations of the duties of good faith and fair dealing;

C. An order declaring and finding that Defendant's acts and practices unjustly enriched Defendant.

D. An order declaring and finding that Defendant's acts and practices violated New York GBL §349 for New York Subclass Members;

E. An order declaring and finding that Defendant's acts and practices violated New York GBL §350 for New York Subclass Members;

F. An order declaring and finding that Defendant's acts and practices violated New York GBL §520-E for New York Subclass Members;

G. An order declaring and finding that Defendant's acts and practices constitute violations of the ECOA for ECOA Subclass Members;

H. Damages, statutory damages, exemplary damages, and punitive damages as permitted by law;

I. A permanent injunction;

J. An order requiring restitution and disgorgement and the creation of a constructive trust for the benefit of Plaintiffs and the classes;

K. An order requiring Defendant to refund, credit, or reinstate all canceled and earned reward benefits.

L. Pre-judgment and post-judgment interest to the fullest extent permitted by law;

M. Attorneys' fees and costs required to reasonably investigate and prosecute this action; and

N. All such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all claims to the extent authorized by law.

DATED: April 15, 2026

**GREGORY S. DUNCAN, ESQ.**

/s/ Gregory Duncan
Gregory S. Duncan (VSB No. 26692)
222 Court Square
Charlottesville, VA 22902
Telephone: (434) 979-8556
gregdun@ntelos.net

**SCOTT+SCOTT**
**ATTORNEYS AT LAW, LLP**
Daryl F. Scott (VSB No. 25524)
4551 Cox Road, Ste. 425
Glen Allen, VA 23060
Telephone: (860) 537-5537
dscott@scott-scott.com

**SCOTT+SCOTT**
**ATTORNEYS AT LAW, LLP**
Joseph P. Guglielmo (*pro hac vice* forthcoming)
Anjori Mitra (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Telephone: (212) 223-6444
Facsimile: (212) 223-6334
jguglielmo@scott-scott.com
amitra@scott-scott.com

**TUSA P.C.**
Joseph S. Tusa (*pro hac vice* forthcoming)
P.O. Box 566
55000 Main Road, 2nd Floor
Southold, NY 11971
Telephone: (631) 407-5100
joseph.tusapc@gmail.com

*Attorneys for Plaintiffs*
*and Proposed Class Counsel*